**The People of the State of Illinois ex rel., etc., v. Mrs. A. L. Kelley.**

**Gen. No. 13,159.**

1. OFFICIAL STENOGRAPHER—*by whom appointment may be made.* The appointment of an official stenographer may be made by the several judges of the circuit courts for their respective courts.

2. OFFICIAL STENOGRAPHER—*effect of death of appointing judge upon term of.* The death of the judge who appointed an official stenographer does not *ipso facto* terminate his employment.

*Quo warranto.* Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed June 14, 1907.

J. L. BENNETT, for appellant.

KREMER & GREENFIELD, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Leave was given the petitioner in this case to file an information in the nature of a *quo warranto,* seeking to oust appellee from the position of official reporter for the Circuit Court of Cook county which she holds by virtue of an appointment made by the late Judge Murray F. Tuley, deceased, then of that court. The appointment was made by an order entered of record July 8, 1903, "for a term ending the first day of June, 1909, to hold her office during the pleasure of the judge appointing her as provided by said statute." The first section of the Act referred to (R. S. chap. 37, sec. 82a) is as follows:

"That the several judges of the Circuit Courts in this state be and they are hereby authorized to appoint a shorthand reporter for their respective courts, whose duty shall be as hereinafter specified. The reporter so appointed shall hold his position during the pleasure of the judges appointing him; not, however, extending beyond the time the judges making such appointment shall be elected for. Provided, however, that in case of the absence or disability of the reporter so appointed the presiding judge may appoint any other reporter to act in his place during such absence or disability."

The Superior Court sustained a demurrer filed by the respondent to the replication to the respondent's plea, and appellant electing to stand by the demurrer, judgment was entered in favor of the respondent, which is assigned as error.

It is urged in behalf of appellant that the appointment of an official reporter under the statute is purely a ministerial act, that the appointment is by the individual judge and in no sense the action of the court, and that the authority to hold the office ceases when the judge dies or ceases to hold his office. The plea of the defendant set up the order of appointment which purports to have been made by Judge Tuley,

sitting as a judge of the Circuit Court. Such an appointment may not be a judicial as distinguished from a ministerial act, but the power to make it conferred by statute is certainly not incompatible with the judicial office. The People v. Nelson, 133 Ill. 565-601. Its exact nature in this respect is not material in the present case, nor do we deem it material whether the order be regarded as made by Judge Tuley, or as an order of court. The only question is whether the appointment is still in force, Judge Tuley, by whom or at whose instance it was made, having since died. The obvious meaning of the statutory provision above quoted is that the term of the reporters so appointed while terminable at any time by the judges appointing them shall in no event extend beyond the term of office of such judges. It does not follow, however, that the reporter's appointment terminates with the death before the expiration of his official term of the judge by whose order he was appointed, merely because the judge so appointing can no longer exercise at his pleasure the power of removal. The continued employment of the reporter by other judges of the same court after such death, may be considered in the nature of a recognition and affirmation of such appointment by such judges. The appointments by force of the statute are made "for their respective courts," not for the individual judge who enters the order, but for the court over a branch of which he presides. A successor of the deceased judge may, we think, properly and lawfully exercise the power of removal if he deems proper. If the language of the statute be construed to mean that such appointments are made by "the several judges," although on the order of one of them, then it would seem they may be revoked at the pleasure of the same judges, exercised in the manner in which the appointments are made.

Respondent has continued to perform services for the judges of the Circuit Court by whom her bills

have been duly certified, and we are of opinion her appointment is still in force.

The judgment of the Superior Court will be affirmed.

*Affirmed.*