(No. 3092— )

Roy De Vincent Cox, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 13, 1938.*

Claimant, pro se.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

*Per curiam:*

From the stipulation of facts herein it appears:

1. That on August 16th, 1933 claimant was duly appointed court reporter by Hon. Max F. Allaben, then one of the Circuit Judges for the Sixteenth Judicial Circuit, comprising the counties of Kane, DuPage, Kendall and DeKalb.

2. That on August 10th, 1936 said Max F. Allaben died, and from that date until the present time the judicial work of the Sixteenth Judicial Circuit has been handled and carried on by the two surviving judges, to wit, Hon. William J. Fulton of Sycamore and Hon. Frank W. Shepherd of Elgin.

3. That claimant received the compensation to which he was entitled for his services as court reporter from the date of his appointment up to and including the month of August, 1936, but has not received any compensation as such court reporter since the month of August, 1936.

4. That after the death of said Judge Allaben claimant was requested by the two surviving judges of that Judicial Circuit to continue his work as court reporter, and pursuant to such request, has continued to perform the regular duties of court reporter in connection with judicial proceedings in the Circuit Court of Dupage County, and was still continuing to perform such work at the time of the filing of the complaint herein.

5. That the regular salary and compensation of court reporters under the laws of this State is $270.00 per month, and that the original claim filed by the claimant herein is to be considered as having been amended to cover the period which has accrued since the claim was originally filed and during which claimant has continued to act as such court reporter.

6. That the docket of the Circuit Court of DuPage County is a very heavy one and requires the attendance of at least one judge for practically every court day in the term, and the attendance of two judges on Friday of each week; that claimant has attended each and every session of the Circuit Court of DuPage County during all the time covered by this claim, and holds no other appointment as court reporter in any other court of this State.

7. That the official court reporter for Hon. Wm. J. Fulton is D. V. Scheffner, and the official court reporter for Hon. F. W. Shepherd is Jennie E. Little; that said D. V.

Scheffner, during the entire period of time covered by this claim has also acted as official court reporter for the County Judge of Kane County, and the Probate Judge of Kane County; that Jennie E. Little during said period has also acted as official court reporter for the County Judge of DeKalb County; that the County Court of DeKalb County is also a court of probate jurisdiction; that by reason of their duties as court reporters as above set forth, neither said D. V. Scheffner nor said Jennie E. Little has attended the Circuit Court of DuPage County when in session, as court reporter for either of the surviving judges of said 16th Judicial Circuit.

8. That it is and has been essential to the conduct of the judicial business of the Circuit Court of DuPage County, in the usual and ordinary manner, that a court reporter be in attendance at the sessions of said court, and that without the services of such reporter it was and is impossible to carry on the business of said court.

9. That claimant has during all of the time covered by his claim performed the work of court reporter at the sessions of the Circuit Court of DuPage County in a competent, dependable and skillful manner.

Respondent has filed a motion to dismiss the case for the reason that claimant's office as court reporter terminated with the death of Judge Allaben, and for the further reason that the claimant has a complete and adequate remedy, enforceable in the ordinary courts of general jurisdiction.

In 1927 the Legislature of this State enacted a law entitled "An Act to Authorize the Judges of Circuit, Superior and City Courts to Appoint Shorthand Reporters for the Taking and Preservation of Evidence, and to Provide for their compensation." (Ill. Rev. Stat. 1937, State Bar Assn. Ed., Chap. 37, Secs. 163a, b, c, and d.) Section 163a of such Act provides as follows:

"That each of the several judges of the Circuit, Superior and City courts in this State, be and they are hereby authorized to appoint one official shorthand reporter, who shall be skilled in verbatim reporting, and who shall have been a bona fide resident of the State of Illinois for one year, and whose duty shall be as hereinafter specified. None of said reporters shall hold more than one of said official appointments. Such appointment shall be in writing and shall be filed in the office of the Auditor of Public Accounts, and continue in force until revoked by the Judge making said appointment. The reporter so appointed shall hold his position during the pleasure of the

judge so appointing him, not, however, to extend beyond the time the judge making such appointment shall be elected for; *provided, however,* that in case of the absence or disability of said reporter so appointed, the Presiding Judge may appoint any other competent reporter to act in his place during such absence or disability, which said substitute shall be paid by said official reporter for his said services."

Prior to 1934, the construction of such statutory provisions, as applied to facts similar to those involved in this case, had never come before our Supreme Court.

In the case of *Shell* vs. *State,* 8 C. C. R. 235 (decided November 13, 1934), upon the authority of *The People Ex Rel, etc.* vs. *Kelley,* 134 Ill. App. 642, we held that a court reporter's term of office did not expire upon the death of the judge appointing him, and that such reporter continued in his office until the time of the appointment of another court reporter by the successor to the deceased judge.

Since the filing of such decision, the question as to the proper construction of the aforementioned statutory provisions has come before our Supreme Court in the case of *People* vs. *Barrett,* 365 Ill. 73. In that case plaintiff had been appointed court reporter by Judge Craig Van Meter, formerly a Judge of the Circuit Court of the Fifth Circuit. Judge Van Meter presented his resignation to the Governor in December, 1935, and same was duly accepted. On January 1st, 1936 Judge Van Meter ceased to act as Circuit Judge. Although the plaintiff performed no duties as court reporter since January 1st, 1936, she held herself ready to do so, but was refused a salary warrant by the State Auditor on the ground that the resignation of Judge Van Meter terminated her right to hold the office of court reporter. Thereupon she instituted a mandamus proceeding against the State Auditor to compel the issuance of a warrant for the amount which she claimed to be due her.

The case was quite exhaustively considered by the court, and it was there held that the resignation of Judge Van Meter and the acceptance of such resignation by the Governor, terminated his office, and that the termination of the office of the Judge also terminated the tenure of his court reporter. In its consideration of the case, the court said:

"The statute cannot be construed without noticing that each and every judge of the Circuit and Superior courts has his personal court reporter. If it should be held that when a judge resigns his court reporter continues in office, it would be with nothing to do except to draw the salary, because any

other judge called in to do the work of the court would have his own duly appointed court reporter to work for him and with him and he might not wish to work with some other reporter. * * * We take it that the Act means that the appointment is absolutely under the control of the judge making it, and that in order to hold the office a court reporter must be sustained by the continuing will and pleasure of "the judge so appointing him." Without the continuance of that will and pleasure the office necessarily fails. There can be no court reporter for a judge if there is no judge to require such a reporter."

There is no distinction in principle between the present case and the Barrett case, and we are bound by the law as there laid down.

Under the law as declared by our Supreme Court, the court reporters originally appointed by the surviving judges of the Circuit were their personal reporters, and when such surviving judges held court in DuPage County, their own court reporters should have been in attendance. The fact that they might have been busy in other courts would make no difference whatsoever, as the statute specifically provides that "in case of the absence or disability of said reporter so appointed, the presiding judge may appoint any other competent reporter to act in his place during such absence or disability, which said substitute shall be paid by said official reporter for his said services."

Claimant also contends that if he has no right to recover under the statute relating to court reporters, this court has a right to allow an award under the provisions of the Court of Claims Act which gives it the authority to hear and determine "all claims * * * legal and equitable * * * which the State as a sovereign commonwealth should in equity and good conscience discharge and pay."

The right of this court to allow an award in any case solely on the grounds of "equity and good conscience," was before this court in the case of *Crabtree* vs. *State*, 7 C. C. R. 207, and after a full consideration of the subject, we there held as follows:

We conclude, therefore, that Section four (4) of paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: "to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contracto and ex delicto, which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay"; merely defined the jurisdiction of the court,

and does not create a new liability against the State, nor increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award."

Under the decision in the Barrett case, the claimant has no legal right to an award, and therefore, under the law as laid down in the Crabtree case, he cannot invoke the principles of equity and good conscience to secure such award.

The law as laid down in the Crabtree case has been followed consistently by this court, and has been approved in many cases decided since that time. *Crank* vs. *State,* 9 C. C. R. 379; *Titone* vs. *State,* 9 C. C. R. 389; *Stanley* vs. *State,* No. 2697, decided in 1937; *Garbutt* vs. *State,* No. 2246, decided in 1937; *King* vs. *State,* No. 2295, decided in 1937.

Claimant also contends that if he is not entitled to recover by virtue of any statute of this State, nevertheless the Circuit Court, as a court of general jurisdiction, has inherent power to appoint the necessary attendants and assistants, and if no provision is made by statute for their compensation, they are entitled to the reasonable value of their services.

Whatever may be the law in the absence of a statute providing for the appointment of court reporters, it cannot be seriously contended that where the Legislature has specifically authorized the appointment of court reporters in a certain manner, that the Circuit Court or any of the judges thereof, have any inherent power to appoint in a manner contrary to the legislative authority. To hold in accordance with claimant's contention would be to nullify the legislative enactment.

In view of the conclusions we have reached in this matter, it is unnecessary to consider the other points raised by the Attorney General.

For the reasons above set forth, the motion of the Attorney General to dismiss must be sustained.

Motion to dismiss allowed. Case dismissed.