(No. 3419— ▓▓▓▓▓▓▓)

Roy de Vincent Cox, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 14, 1940.*

Joseph Sam Perry, for claimant.

John E. Cassidy, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks an award of Six Thousand Seven Hundred Fifty ($6,750.00) Dollars for services rendered by him and alleged to be due him as Official Court Reporter of the Circuit Court of DuPage County, from the first day of September, 1936 to the first day of October, 1938. The complaint further recites that claimant was appointed as Official Court Reporter by the Hon. Max F. Allaben, Circuit Judge; that the latter died August 10, 1936; that following his death and until November 1, 1939 when this complaint was filed, the judicial work of that Judicial Circuit was carried on by the two remaining Judges of such Circuit.

Further, that claimant received all the salary that was due him up to and including the month of August, 1936; that claimant was requested by the two remaining Judges to continue rendering service, and that he was advised by them that they believed his appointment continued and that the State should and would pay for such service. Further, that after learning this court had allowed a similar claim to one Fred J. Shell in Case No. 2366, C. of C., he continued to act as a Court Reporter until the first day of October, 1938 when he he learned that this Court had handed down a decision upon a claim previously filed by this claimant for the services in question, wherein the court held that he was not entitled to salary after the date of Judge Allaben's death. The claim further recites that his service terminated October 1, 1938, and after the election of a new Circuit Judge a new Official Reporter was appointed.

The Attorney General has filed a motion to dismiss the claim and contends:

First, That claimant's demand is barred by the prior judgment of this court in the case of *Roy de Vincent Cox* vs. *State of Illinois*, C. of C. No. 3092, in which an opinion was filed October 13, 1938 denying said claim.

Second, That the claimant does not set forth a demand which the State of Illinois, as a sovereign commonwealth, should discharge and pay for the reason that such complaint shows upon its face that claimant's position as Court Reporter terminated with the death of the Judge who appointed him.

Third, That claimant had an adequate remedy by mandamus to enforce his alleged rights, if any.

As recited in the complaint, claimant herein did, in fact, attempt in a previous claim to obtain payment for these same services. That claim was filed April 29, 1937, and requested an award for services to April 1, 1937, in the sum of One Thousand Eight Hundred Ninety ($1,890.00) Dollars. In the opinion filed October 13, 1938, this court felt impelled, because of the then recent decision by the Supreme Court in the case of *People* vs. *Barrett*, 365 Ill. 73, to reverse its previous attitude in regard to the rights of a claimant under the facts stated. In the case of *Shell* vs. *State*, 8 C. C. R. 235, decided November 13, 1934, we held that under the authority of the *People ex rel., etc.*, vs. *Kelley*, 134 Ill. App. 642, a Court Reporter's term of office did not necessarily expire upon the death of the appointing judge, and that such reporter continued in office until the time of the appointment of another Court Reporter by the successor to the deceased judge. We further held that inasmuch as the Supreme Court had laid down a different construction in the case of *People* vs. *Barrett, supra,* a further award under the facts stated would be denied.

The rule of Res Adjudicata applies to the complaint now pending before the court, and while the amount for which claimant contends has been increased above the sum originally requested by him, the claim is in all respects the same as that which was considered under Court of Claims No. 3092. The motion of the Attorney General is hereby allowed and the claim dismissed.