(No. 3168— )

LAURA MORGAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 8, 1941.*

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND (ALBERT E. JENNER, JR., of Counsel), for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The complaint in this case avers that Laura Morgan, the claimant, is a citizen and resident of the County of Cook and State of Illinois; that on the month of September, 1933, she was appointed by the Honorable J. Paul Califf, now deceased, then Circuit Court Judge in the 14th Judicial Circuit of the State of Illinois, comprising the counties of Rock Island, Mercer, Whiteside and Henry, as an official court reporter for said judge and said circuit; that pursuant to statute, her compensation was fixed at the sum of Two Hundred Seventy Dollars ($270.00) per month; that immediately after the appointment she qualified, and from thenceforward acted as an official court reporter for the Honorable J. Paul Califf, deceased, in said circuit, until the death of the said judge in the month of August, 1935. It is further averred that she received her check covering services for the month of August, although it is not averred on what date Judge Califf died.

It is further averred that claimant continued to act as an official court reporter in the 14th circuit, and at the end of September received her check for services in the sum of Two Hundred Sixteen Dollars ($216.00).

It is also averred that after the death of Judge Califf the Honorable Albert M. Crampton, Judge of the City Court of Moline, Illinois, pursuant to authority vested in him by statute, was called in the month of September, 1935, to sit as a judge of such 14th circuit pending an election to fill the vacancy caused by the death of Judge Califf; that claimant continued to act as an official court reporter during the months of October, November and December, 1935, and the month of January, 1936, but did not receive any salary during the said months of October, November and December, 1935, and January, 1936.

The Attorney General has made a motion to dismiss this case, and by this motion admits all the facts properly pleaded to be true, but denies their sufficiency in law. The Attorney General has relied upon the case of *People* vs. *Barrett,* 365

Ill. 73. Counsel for claimant has filed a brief on her behalf and it is ably and strenuously argued that there is a difference between the facts in the *Barrett* case and in the case at bar, and that difference is that the court reporter there had not performed any services, while in the case at bar she had performed four months' services at the request of sitting judges for which she received no compensation. It must be admitted that there is a difference in the facts, but there is no difference in the rule applying to both cases. .

The Supreme Court of this State in the *Barrett* case, *supra,* devoted some twelve or thirteen pages to a discussion of the principles therein involved. This was probably done because of the eminence of counsel in the *Barrett* case. Many questions before the court in that case are not involved herein. The court referred to the statute authorizing the appointment of court reporters, and the amendments thereto. The court referred to the Act of 1927, which provided that each judge should appoint one court reporter, and which made provision for the appointment of court reporters by circuit, superior and city courts in this State. The Act also provided that such appointment should be made in writing and filed in the office of the Auditor of Public Accounts, and continue in force until revoked by the judge making the appointment, and specifically provided that the reporter so appointed should hold his position during the pleasure of the judge so appointing him, not, however, to extend beyond the time the judge making such appointment shall be elected for. A proviso was attached to the effect that in case of the absence or disability of said reporter so appointed, the presiding judge may appoint any other competent reporter to act in his place during such absence or disability, which said substitute shall be paid by said official reporter for his said services, etc. (State Bar Stat. 1935, chap. 37, par. 156.) The court also made reference to Section 12 of Article 6 of the Constitution, but that constitutional question is in no way involved in the case at bar.

In the case before us the appointing judge died. The *Barrett* case is authority that the statute cannot be construed without noticing that each and every judge of the circuit and superior courts has his personal court reporter. In the *Barrett* case, the court continuing said: ''If it should be held that when a judge resigns his court reporter continues in

office, it would be with nothing to do except to draw the salary, because any other judge called in to do the work of the court would have his own duly appointed court reporter to work for him and with him, and he might not wish to work with some other reporter. So, it is true in this case. The statute provides that the judge of a city court may appoint his own court reporter. In the *Barrett* case the court also said: "It is urged that the words 'not, however, to extend beyond the time the judge making such appointment shall be elected for,' must be given effect in construing the statute, and that these words are in some manner and to some extent descriptive of the term for which the appointment is made." We find no difficulty in giving the same effect to the words, and like the Supreme Court, we cannot construe them as counsel for claimant insists they should be construed.

Claimant contends that this court has passed upon this question in the case of *Shell* vs. *State of Illinois*, 8 C. C. R. 235, decided November 13, 1934. That case was decided upon the authority in the case of *The People ex rel. Kelley*, 134 Ill. App. 642. Since that time the Supreme Court passed upon this question in the *Barrett* case. In the *Shell* case the court reporter continued with his work and duties as official court reporter and rendered services at the request of the circuit judges. In the case of *Cox* vs. *State of Illinois*, 10 C. C. R. 381, in a per curiam opinion, this court overruled the holdings in the *Shell* case on the authority of the *Barrett* case, and in the case at bar we must hold that there is no distinction between the *Barrett* case and this one.

The motion of the Attorney General will, therefore, be sustained and award denied.